# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF GEORGIA
# WAYCROSS DIVISION



FILED
Scott L. Poff, Clerk
United States District Court

*By staylor at 10:25 am, Jan 17, 2018*

BASSIROU MBACKE NDIAYE,

    Petitioner,

v.

PATRICK GARLAND,

    Respondent.

CIVIL ACTION NO.: 5:17-cv-104

## ORDER and MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter comes before the Court on Petitioner's failure to comply with the Court's Order to keep the Court apprised of any change in his address. For the following reasons, I **RECOMMEND** that the Court **DISMISS without prejudice** this action for Petitioner's failure to prosecute. I further **RECOMMEND** that the Court **DENY** Petitioner leave to appeal *in forma pauperis*. The Court **GRANTS** Respondent's Motion for Substitution of Counsel. (Doc. 12.) Attorney Jason Blanchard shall be substituted as counsel for attorney Anica C. Jones on the docket of this case.

## BACKGROUND

On August 14, 2017, Petitioner, then a detainee at the Folkston ICE Processing Center in Folkston, Georgia, filed this action pursuant to 28 U.S.C. § 2241. (Doc. 1.) On August 23, 2017, the Court Ordered that the action be served on the proper Respondent, Patrick Garland, the Warden of Folkston ICE Processing Center. (Doc. 2.) In that Order, the Court directed Petitioner to notify the Court in writing of any change in his address and that a failure to do so would result in dismissal of this action. (Id. at p. 2.) Petitioner notified the Court of his transfer

to Broward Transition Center in Pompano Beach, Florida on September 18, 2017. (Doc. 7.) On September 22, 2017, the Court mailed an Order to Petitioner at that updated and last known address. (Doc. 9.) However, the mail was returned undeliverable because Petitioner is no longer at that facility. (Doc. 11.) Petitioner has not notified the Court of his change of address or made any effort to inform the Court of his whereabouts. Indeed, Petitioner has not taken any action in this case since September 18, 2017.

## DISCUSSION

The Court must now determine how to address Petitioner's failure to follow this Court's Order to update his address and his failure to prosecute. For the reasons set forth below, I recommend that the Court **DISMISS** the Petition and **DENY** Petitioner leave to appeal *in forma pauperis*.

**I.    Dismissal for Failure to Follow the Court's Order and Failure to Prosecute.**

A district court may dismiss a Petitioner's claims sua sponte pursuant to either Federal Rule of Civil Procedure 41(b) ("Rule 41(b)") or the court's inherent authority to manage its docket.[1] Link v. Wabash R.R. Co., 370 U.S. 626 (1962);[2] Coleman v. St. Lucie Cty. Jail, 433 F. App'x 716, 718 (11th Cir. 2011) (citing Fed. R. Civ. P. 41(b) and Betty K Agencies, Ltd. v. M/V MONADA, 432 F.3d 1333, 1337 (11th Cir. 2005)). In particular, Rule 41(b) allows for the involuntary dismissal of a petitioner's claims where he has failed to prosecute those claims,

---

[1] Pursuant to Rule 12 of the Rules Governing Section 2254 Cases, the Federal Rules of Civil Procedure may apply to a Petitioner's habeas Petition to the extent the Civil Rules are not inconsistent with the Section 2254 Rules. Further, the Section 2254 rules may be applied to Section 2241 Petitions. Rule 1(b) of the Rules Governing Section 2254 Cases.

[2] In Wabash, the Court held that a trial court may dismiss an action for failure to prosecute "even without affording notice of its intention to do so." 370 U.S. at 633. However, here, the Court notified Petitioner that it would dismiss his Petition if he failed to keep the Court apprised of his whereabouts. (Doc. 2, p. 2.)

comply with the Federal Rules of Civil Procedure or local rules, or follow a court order.  Fed. R. Civ. P. 41(b); see also Coleman, 433 F. App'x at 718; Sanders v. Barrett, No. 05-12660, 2005 WL 2640979, at *1 (11th Cir. Oct. 17, 2005) (citing Kilgo v. Ricks, 983 F.2d 189, 192 (11th Cir. 1993)); cf. Local R. 41.1(b) ("[T]he assigned Judge may, after notice to counsel of record, *sua sponte* . . . dismiss any action for want of prosecution, with or without prejudice[,] . . . [based on] willful disobedience or neglect of any order of the Court.").  Additionally, a district court's "power to dismiss is an inherent aspect of its authority to enforce its orders and ensure prompt disposition of lawsuits."  Brown v. Tallahasse Police Dep't, 205 F. App'x 802, 802 (11th Cir. 2006) (quoting Jones v. Graham, 709 F.2d 1457, 1458 (11th Cir. 1983)).

It is true that dismissal with prejudice for failure to prosecute is a "sanction . . . to be utilized only in extreme situations" and requires that a court "(1) conclud[e] a clear record of delay or willful contempt exists; and (2) mak[e] an implicit or explicit finding that lesser sanctions would not suffice."  Thomas v. Montgomery Cty. Bd. of Educ., 170 F. App'x 623, 625–26 (11th Cir. 2006) (quoting Morewitz v. West of Eng. Ship Owners Mut. Prot. & Indem. Ass'n (Lux.), 62 F.3d 1356, 1366 (11th Cir. 1995)); see also Taylor v. Spaziano, 251 F. App'x 616, 619 (11th Cir. 2007) (citing Morewitz, 62 F.3d at 1366).  By contrast, dismissal without prejudice for failure to prosecute is not an adjudication on the merits, and, therefore, courts are afforded greater discretion in dismissing claims in this manner.  Taylor, 251 F. App'x at 619; see also Coleman, 433 F. App'x at 719; Brown, 205 F. App'x at 802–03.

While the Court exercises its discretion to dismiss cases with caution, dismissal of this action without prejudice is warranted.  See Coleman, 433 F. App'x at 719 (upholding dismissal without prejudice for failure to prosecute Section 1983 complaint, where Petitioner did not respond to court order to supply defendant's current address for purpose of service); Taylor, 251

3

F. App'x at 620–21 (upholding dismissal without prejudice for failure to prosecute, because Petitioners insisted on going forward with deficient amended complaint rather than complying, or seeking an extension of time to comply, with court's order to file second amended complaint); Brown, 205 F. App'x at 802–03 (upholding dismissal without prejudice for failure to prosecute Section 1983 claims, where Petitioner failed to follow court order to file amended complaint and court had informed Petitioner that noncompliance could lead to dismissal).

With Petitioner having failed to update the Court with his current address, the Court has no means by which it can communicate with Petitioner. Thus, the Court is unable to move forward with this case. Moreover, Petitioner has been given ample time to notify this Court of his whereabouts, and Petitioner has not made any effort to do so. Indeed, he has not taken any action in this case in approximately five months. Accordingly, the Court should **DISMISS without prejudice** Petitioner's Section 2241 Petition due to his failure to follow this Court's Order and his failure to prosecute.[3]

## II.    Leave to Appeal *in Forma Pauperis*.

The Court should also **DENY** Petitioner leave to appeal *in forma pauperis*. Though Petitioner has, of course, not yet filed a notice of appeal, it is proper to address these issues in the Court's order of dismissal. See Fed. R. App. P. 24(a)(3) (trial court may certify that appeal of party proceeding *in forma pauperis* is not taken in good faith "before or after the notice of appeal is filed").

---

[3] Additionally, even if Petitioner had updated his address, the Court must dismiss this Petition for lack of jurisdiction. See Rumsfeld v. Padilla, 542 U.S. 426, 444 (2004) (noting that a district court could not obtain jurisdiction over a habeas corpus respondent outside the court's jurisdiction by virtue of a long-arm statute). Neither Petitioner nor his current custodian is located in this District. Thus, because Petitioner is not incarcerated in this District, this Court does not have jurisdiction to entertain his Section 2241 Petition.

An appeal cannot be taken *in forma pauperis* if the trial court certifies that the appeal is not taken in good faith. 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3). Good faith in this context must be judged by an objective standard. Busch v. Cnty. of Volusia, 189 F.R.D. 687, 691 (M.D. Fla. 1999). A party does not proceed in good faith when he seeks to advance a frivolous claim or argument. See Coppedge v. United States, 369 U.S. 438, 445 (1962). A claim or argument is frivolous when it appears the factual allegations are clearly baseless or the legal theories are indisputably meritless. Neitzke v. Williams, 490 U.S. 319, 327 (1989); Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993). An *in forma pauperis* action is frivolous, and thus, not brought in good faith, if it is "without arguable merit either in law or fact." Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002); see also Brown v. United States, Nos. 407CV085, 403CR001, 2009 WL 307872, at *1–2 (S.D. Ga. Feb. 9, 2009).

Based on the above analysis of Petitioner's action, there are no non-frivolous issues to raise on appeal, and an appeal would not be taken in good faith. Thus, the Court should **DENY** Petitioner *in forma pauperis* status on appeal.

## CONCLUSION

For the above-stated reasons, I **RECOMMEND** that the Court **DISMISS without prejudice** this action and **DIRECT** the Clerk of Court to enter the appropriate judgment of dismissal and to **CLOSE** this case. I further **RECOMMEND** that the Court **DENY** Petitioner leave to proceed *in forma pauperis* on appeal.

The Court **ORDERS** any party seeking to object to this Report and Recommendation to file specific written objections within fourteen (14) days of the date on which this Report and Recommendation is entered. Any objections asserting that the undersigned failed to address any contention raised in the pleading must also be included. Failure to do so will bar any later

challenge or review of the factual findings or legal conclusions herein. See 28 U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140 (1985). Objections to a Report and Recommendation are not the proper vehicle to raise issues and arguments not previously brought before the Court. A copy of the objections must be served upon all other parties to the action. Upon receipt of objections meeting the specificity requirement set out above, a United States District Judge will make a de novo determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made herein. Objections not meeting the specificity requirement set out above will not be considered by the District Judge. The Court **DIRECTS** the Clerk of Court to serve a copy of this Report and Recommendation upon the parties.

**SO REPORTED** and **RECOMMENDED**, this 17th day of January, 2018.

R. STAN BAKER
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA